UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN KACY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:09CV76SNLJ |
| | ) |
| CARL HEFNER, SHERIFF OF | ) |
| STODDARD COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Town Pharmacy, Inc.'s motion to dismiss for failure to state a claim upon which relief can be granted (#24), filed March 23, 2010. Plaintiff has not filed a response to defendant's motion.

Plaintiff is an inmate at the Missouri Eastern Correctional Center, and defendant Town Pharmacy is a Missouri corporation engaged in the business of practicing pharmacy. Plaintiff filed an amended complaint alleging that "Dan Doe," acting within the course and scope of his employment as a pharmacist for defendant Town Pharmacy, Inc., took a telephone prescription and dispensed plaintiff's medication to plaintiff's estranged wife without his authorization, violating RSMo. 338.095 (2001). Plaintiff brought suit against Town Pharmacy, Inc., among others, under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "that some person deprived him of a federal right," and "that such person acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 638 (1980). A complaint must be dismissed for failure to

state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Defendant Town Pharmacy, Inc. argues that plaintiff has not satisfied the pleading requirements and therefore plaintiff's first amended complaint should be dismissed as to itself for failure to state a claim upon which relief can be granted.

Plaintiff has alleged a violation of RSMo. 338.095 (2001), but it is unclear how he intends to incorporate the statute into a private cause of action. The relevant portion of RSMo. 338.095(5) states: "It shall be an unauthorized practice of pharmacy and hence unlawful for any person other than the patient or the patient's authorized representative to accept a prescription presented to be dispensed unless that person is located on a premises licensed by the board as a pharmacy."

In his complaint, plaintiff attempts to bring this action against each of the other defendants via 42 U.S.C. § 1983 for the violation of his rights under the Eighth and Fourteenth Amendment, which is the normal vehicle for protecting one's federal rights. With respect to Town Pharmacy, Inc., however, plaintiff requests that this Court enter a declaratory judgment that it violated RSMo. 338.095 (2001). 42 U.S.C. § 1983 is certainly not the vehicle for bringing a cause of action under this Missouri statute, as § 1983 requires (1) a federal right and (2) a person acting under the color of state or territorial law. Neither of these two requirements are satisfied here, and within the Missouri statute itself, the only entity to whom a cause of action was bestowed was the Missouri Board of Pharmacy. Absent a private cause of action, plaintiff is unable to state a claim upon which relief can be granted against defendant Town Pharmacy, Inc.

In any event, considering that plaintiff has made no attempt to respond to defendant's motion to dismiss, this Court will take plaintiff's silence as tacit acceptance of defendant's arguments and assertions and shall rule accordingly.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Town Pharmacy, Inc.'s motion to dismiss (#24) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's First Amended Complaint is dismissed only as to defendant Town Pharmacy, Inc.

Dated this ___4th___ day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE